IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MATTHEW ANDREW GARCES, | § § § | |
| *Plaintiff,* | § § § | SA-25-CV-00639-XR |
| vs. | § § § | |
| BRAIN AND SPINE INSTITUTE OF SAN ANTONIO, OSAMA AHMED, M.D., KIMBERLY GUAJARDO, APRN-CNP, | § § § § § § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Xavier Rodriguez:**

Before the Court in the above-styled cause of action is Plaintiff's Motion to Proceed *In Forma Pauperis* [#1] and proposed Civil Complaint [#1-1].  This case was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this order and report and recommendation pursuant to 28 U.S.C. § 636(b)(1).  By his motion, Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") based on his inability to afford court fees and costs.  Having considered the motion and documentation provided by Plaintiff, the undersigned will grant the IFP motion, order service of Plaintiff's proposed Complaint on Defendant Brain and Spine Institute of San Antonio as to Plaintiff's ADA claims, but recommend the District Court dismiss Plaintiff's ADA claims against the individual Defendants. Furthermore, the undersigned recommends that the District Court defer its decision on whether to exercise supplemental jurisdiction over the state-law claims and not serve the individual Defendants with process at this time.

1

**I. Motion to Proceed IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[1] *See* 28 U.S.C. § 1914(a). Plaintiff's motion to proceed IFP includes his income and asset information, which indicates that Plaintiff is unemployed and does not have sufficient monthly resources available to pay the filing fee. The Court will therefore grant his motion to proceed IFP.

**II. Review Under Section 1915(e)**

Pursuant to the Court's October 8, 2019 Standing Order, the undersigned has also reviewed Plaintiff's proposed Complaint under the standards set forth in Section 1915(e). Pursuant to 28 U.S.C. § 1915(e), this Court may screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court also has an ongoing obligation to evaluate its subject matter jurisdiction. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

Plaintiff's proposed Complaint names three Defendants—Brain and Spine Institute of San Antonio; Osama Ahmed, M.D.; and Kimberly Guajardo, APRN-CNP. Plaintiff alleges that Defendants violated the Americans with Disabilities Act ("ADA") and committed medical negligence and other tort claims by refusing to provide him with medical care due to his arriving at his appointment with a service animal on July 30, 2024, and then prematurely terminating his

---

[1] The administrative fee, which is currently $55, is waived for plaintiffs who are granted IFP status. *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

care on May 30, 2025, without an adequate referral or transition plan after he complained about disability discrimination.

Federal courts are courts of limited jurisdiction. This Court only has jurisdiction and authority to entertain cases that either (a) raise a federal question (involve claims arising under the United States Constitution or a federal law) or (b) raise state-law claims falling under the Court's diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. For the Court to have jurisdiction over a state-law claim under the Court's diversity jurisdiction, the matter in controversy must exceed $75,000 and be between citizens of different states. *Id.* at § 1332(a).

Plaintiff, as the person bringing this case in federal court, bears the burden of establishing this Court's subject matter jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Because there is not complete diversity of citizenship among Plaintiff and all Defendants, Plaintiff must plead a non-frivolous claim under the ADA, his only federal cause of action, for this Court to have jurisdiction over this case.

**A.     ADA Claims**

Plaintiff's proposed Complaint expressly references Title III of the ADA, which provides that:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). To establish liability under Title III of the ADA, a plaintiff must prove that he or she: (1) has a disability; (2) was discriminated against on the basis of that disability; (3) was thereby denied goods or services; (4) by a place of public accommodation by the owner or operator of that facility.

3

"Disability" is defined under the ADA as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment." *Id.* § 12102(2). "[A] professional office of a health care provider, hospital, or other service establishment" is listed as a place of "public accommodation" for purposes of Title III of the ADA. *Id.* § 12181(7)(F). "Discrimination" is defined as, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities." *Id.* § 12182(b)(2)(A)(ii). The Department of Justice has issued regulations stating that, "[g]enerally, a public accommodation shall modify policies, practices, or procedures to permit the use of a service animal by an individual with a disability." 28 C.F.R. § 36.302(c)(1). Because Plaintiff is suing under Title III, if he were to prevail on his claim of disability discrimination, he could only obtain injunctive relief, not money damages. *See* 42 U.S.C. § 12188 (providing for monetary damages only in actions commenced by the Attorney General).

Title IV of the ADA, entitled "Miscellaneous Provisions," contains an anti-retaliation provision, which prohibits retaliation for complaints of disability discrimination. *Id.* § 12203(a). Section 12203(c) defines the available remedies and procedures for acts of ADA retaliation but does so by cross-referencing the enforcement provisions under other Titles of the ADA. *See id.* § 12203(c) (referencing Section 12188 for remedies for retaliation claims arising against places of public accommodation addressed in Title III of the ADA). If Plaintiff were to prevail on his ADA retaliation claim, he would therefore also be limited to injunctive relief and unable to pursue compensatory damages. *See Bolden v. Lake Cnty. Bd. of Educ.*, No. 119CV01262STAJAY, 2021 WL 4930318, at *12 (W.D. Tenn. Oct. 21, 2021) ("The Court

4

therefore construes section 12203(c) to grant remedies for retaliation, each depending on the context in which the retaliation occurred: employment, public services, or public accommodations and services operated by private entities, respectively.").

Construing the factual allegations in Plaintiff's proposed Complaint liberally, the undersigned finds Plaintiff has stated a plausible cause of action under Title III of the ADA for injunctive relief against Defendant Brain and Spine Institute of San Antonio, as this is the public accommodation entity he alleges denied him medical care due to his use of a service animal. In addition to seeking monetary damages, Plaintiff's proposed Complaint requests injunctive relief in the form of reinstatement as a patient, mandatory ADA/service animal training, and revised supervision protocols for providers. The undersigned will therefore order service of Plaintiff's Complaint regarding violations of Title III of the ADA on this Defendant.

However, claims against individuals are not permitted under Title III of the ADA. *See Key v. Grayson*, 163 F. Supp. 2d 697, 715 (E.D. Mich. 2001); *Goonewardena v. New York*, 475 F. Supp. 2d 310, 321 (S.D.N.Y. 2007). Therefore, the District Court should dismiss Plaintiff's ADA claims against the individual Defendants, and Defendants Osama Ahmed, M.D., and Kimberly Guajardo, APRN-CNP should not be served with Plaintiff's Complaint for injunctive relief under the ADA.

**B.    State Law Claims**

Plaintiff asks the Court to exercise supplemental jurisdiction over various state-law causes of action pursuant to 28 U.S.C. § 1367. A district court may decline to exercise supplemental jurisdiction over state-law claims if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C.A. § 1367(c). There are compelling reasons in this case to defer a decision on exercising supplemental jurisdiction over Plaintiff's state-law claims and to withhold service of Plaintiff's Complaint on the individual Defendants at this time.

Plaintiff's state-law claims are asserted against both the entity as well as the individual defendants who are not at issue in Plaintiff's federal ADA claims. Additionally, Plaintiff's state-law claims involve a request for damages not available if Plaintiff were to prevail on his ADA claims. Additionally, Plaintiff has filed over 20 lawsuits in the San Antonio Division in the past several months and has been recommended by at least one judge to be labeled as a vexatious litigant. *See* 5:25-CV-441-JKP-HJB. In light of Plaintiff's litigation history, the Court should limit its review of this case to the ADA claims for injunctive relief against the entity Defendant before making a decision on whether to exercise supplemental jurisdiction over the state-law claims and having the individual Defendants served. This will streamline the parties and issues in this case. If Plaintiff's ADA claims are dismissed from this suit after service on the entity Defendant, the Court has discretion to decline to exercise supplemental jurisdiction over the state-law causes of action under 28 U.S.C. § 1367.

### III. Order and Recommendation

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis* [#1] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [#1-1] shall be filed by the Clerk without prepayment of fees, costs or the giving of security therefore, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiff.

**IT IS FURTHER ORDERED** that if not already accomplished, within ten (10) days of the date of this Order, Plaintiff shall submit to the Clerk's Office a fully completed United States Marshals Service Form 285, including a fully complete address, <u>for Defendant Brain and Spine Institute of San Antonio only</u>.  Upon receipt of Form 285, the United States Marshals Service shall serve <u>Defendant Brain and Spine Institute of San Antonio only</u> with a copy of the Complaint and a copy of this order by certified mail, return receipt requested.

It is also **recommended** that the District Court defer a decision on whether to exercise supplemental jurisdiction over Plaintiff's state-law causes of action and <u>withhold service of Plaintiff's Complaint on Defendants Osama Ahmed, M.D., and Kimberly Guajardo, APRN-CNP, at this time.</u>

### IV.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider

frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 20th day of June, 2025.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE